# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50649

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

JACQUELYN KEY HANCOCK,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed:  January 24, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Steven J. Hippler, District Judge.

Judgment of conviction and unified sentence of five years with a minimum period of confinement of one and one-half years for eluding a peace officer, <u>affirmed</u>

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Jacquelyn Kay Hancock pled guilty to eluding a peace officer, Idaho Code § 49-1404(2)(c).  In exchange for her guilty plea, an additional charge was dismissed.  The district court imposed a unified term of five years with one and one-half years determinate.  Hancock appeals, contending that her sentence is excessive.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App.

1

1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Hancock's judgment of conviction and sentence are affirmed.